EZRA SHAHMOON AND LYDIA SHAHMOON, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19134.    Promulgated November 2, 1949.

*Max Schiller, C. P. A.*, for the petitioners.
*Sheldon V. Ekman, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The respondent contends in his brief that the petitioner has failed to show ownership of the properties, but that question is not fairly or properly in issue. Furthermore, the evidence shows that the petitioner was the owner of the properties, as the respondent must have concluded in determining the deficiencies.

The evidence in regard to the cost of the properties and their probable useful lives is not as clear, complete, or convincing as it might be, but findings have been made as favorable to the petitioner as the evidence permits.

One of the contentions made by the respondent is that the petitioner may not take depreciation on his Shanghai properties for 1944 in view of the fact that his entire basis for those properties was deductible as a loss in 1941 under section 127 (a) (2), and thereafter he had no basis for depreciation. The petitioner concedes the correctness of this contention if he had no election under section 127 (a) (2). The scheme of Congress in enacting section 127 was to make sure that a taxpayer would have a deductible loss when war was declared or the enemy invaded a country in which the taxpayer owned property and thereafter the property would, if recovered, come into income and acquire a new basis, but only to the extent that the original loss deduction had had tax benefits. This Court, in another case which is not distinguishable in principle from this one, held that the word "deemed," as used in section 127 (a) (2), created a conclusive presumption of loss on the date war with the enemy country was declared by the United States, and Congress did not intend to permit a taxpayer an election to claim the loss under section 23 (e) (3) in later years when actual destruction or seizure occurred. *Abraham Albert Andriesse*, 12 T. C. 907. The only difference between that case and the present case is that the present petitioner is claiming a right to a deduction for depreciation under section 23 (l) instead of loss under section 23 (e) (3). This difference does not distinguish

the *Andriesse* case as an authority for the purpose of this case. The basis for depreciation is the same as the basis for gain or loss. Secs. 23 (n), 114 (a), 113 (b). Each is reduced or wiped out by a deduction for loss. The war loss under section 127 (a) (2) wipes out that basis. A taxpayer has no election under section 127 (a) (2), which allows him to deduct his basis for the property as a loss at the time of the declaration of war, and, having been allowed to recover his basis in that way, he can not recover it later, either as a loss or through depreciation. Other possible grounds for the Commissioner's determination do not need to be discussed.

*Decision will be entered for the respondent.*